14006

ETTERS v. EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES

(178 S. E., 610)

*Messrs. Osborne & Butler,* for appellant,

*Messrs. Samuel R. Want* and *C. M., Drummond,* for respondent,

February 14, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, an employee of Spartan Mills, was insured in the appellant company, under what is by custom termed a "group policy," which contains the "total and permanent disability clause." This provision of the policy became effective in behalf of the insured upon proof furnished to the insurance company that during the life of the policy, before the insured reached the age of sixty, and while she was still in the employ of the Spartan Mills, she had become totally and permanently disabled from pursuing her accustomed occupation in the mill in substantially her usual manner.

She brought her action alleging total and permanent disability, demanding payment of the sums claimed under the policy, and alleges that payment was refused.

The appellant moved before the then judge of the County Court for Spartanburg County to require the plaintiff to make her complaint more definite and certain by alleging the cause or causes, and the nature of the cause or causes, of her alleged total and permanent disability. The motion was denied and from that order an appeal is taken.

Thereafter the defendant answered the complaint, and the case was tried in the county Court, and resulted in a verdict for the plaintiff.

Motions for nonsuit and directed verdict were duly made and denied.

Counsel for the appellant state in their brief that the issues made by the appeal are these:

(1) Error "in refusing to require the plaintiff to allege in her complaint the nature of the cause or causes of her alleged disability."

(2) Error "in admitting in evidence the opinion of plaintiff's doctor on the question of whether she is totally and permanently disabled."

(3) Error "in holding that there was evidence of total and permanent disability."

In refusing the motion to require that the complaint be made more definite and certain by alleging the nature of the cause or causes of her disability, the trial Judge held that allegations of the fifth paragraph were sufficiently definite.

We concur in this ruling. Defendant was notified by the complaint that within a specified time the plaintiff had had a severe illness which necessitated a serious operation, by which her health was seriously impaired. She was in the employ of the Spartan Mills, which had taken out the group policy. The statements of the complaint put the defendant on notice which, if followed with ordinary diligence, would have furnished full information of the nature and extent of plaintiff's ailments and of the operation which she alleges was necessary.

It does not appear that defendant suffered any injury from this cause.

2. It is evident that appellant's counsel have misunderstood the rulings of this Court in regard to the opinion testimony of doctors in regard to total and permanent disability. The Court has not held in any opinions brought to our attention that the opinions of doctors in such cases have no probative value. The utmost extent to which the decisions of this Court have gone is to hold that such opinion testimony by doctors, founded upon theory, has no probative value in the sense that it will not be allowed to override the positive evidence that the person claiming total and permanent disability was, at the time covered by the theoretical testimony of the doctor, actually doing his accustomed work in substantially his accustomed way. *Hickman v. Insurance Company,* 166 S. C., 316, 164 S. E., 878. In the present case, Dr. Black stated the grounds upon which he concluded that plaintiff was totally and permanently disabled. There was other pertinent testimony. It made an issue for the jury.

This disposes of the third issue presented to us for determination.

The judgment of the Court below is affirmed.

MESSRS. JUSTICES STABLER and CARTER, and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and C. J. RAMAGE, concur.